HENDRICKS, Respondent, vs. ROWAN, Appellant.

*February 4—March 3, 1953.*

For the appellant there was a brief by *Lepp & Phillips* of Kenosha, and oral argument by *David L. Phillips*.

For the respondent there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil*.

BROADFOOT, J.  Prior to 1937 plaintiff and his wife lived in Chicago, where the plaintiff was employed by a railroad company.  The defendant resided with her parents.  In 1937 Mr. and Mrs. Hendricks moved to St. Petersburg, Florida.  Shortly thereafter they purchased a lot and erected a house thereon.  The defendant contributed all or a portion of the cost of the lot and the title thereto was taken in the names of Mr. and Mrs. Hendricks and the defendant as joint tenants.  Money was borrowed on a mortgage for the construction of the house and the defendant signed the mortgage.  The defendant was married to Frank Rowan in 1940, and they lived in Kenosha, Wisconsin, since that time.  On November 11, 1943, Mr. and Mrs. Hendricks came to live with

the defendant and her husband, as Mrs. Hendricks was critically ill. Mrs. Hendricks died May 6, 1944.

In the fall of 1944 the plaintiff returned to Florida and determined to sell the home. After some correspondence the home was sold. The net proceeds from the sale, after paying the balance due on the mortgage and paying the expenses of sale, was $4,332.65. A check for that amount was made payable to the plaintiff and the defendant. Plaintiff indorsed the check in Florida and forwarded it to the defendant. She indorsed the check and deposited the amount in a joint bank account that she maintained with her husband.

At an adverse examination held before the trial, the defendant admitted receiving the net proceeds of the sale. She there testified that she kept one half thereof because she had title as joint tenant to the property, and that she bought bonds with the other half of the proceeds. At the trial she contended that she bought the government bonds with her half of the proceeds and that she gave the other one half to her husband in part payment of a debt owing to him by the plaintiff. The bonds were made payable to the defendant or the plaintiff, but have always been in the possession of the defendant.

This is a typical example of an unfortunate family quarrel. The action was bitterly contested and there was a sharp dispute in the testimony on most material issues. A detailed review of the testimony here will serve no useful purpose. In general, the defendant testified that the plaintiff was indebted both to her and to her husband in a sum greatly exceeding one half of the net proceeds of the sale. This was denied by the plaintiff. Thus the issues became questions of fact for the jury.

The jury, by its special verdict, found that the plaintiff had authorized the defendant to pay money to Frank Rowan; that plaintiff was indebted to Frank Rowan at the time the house was sold and that the amount of said indebtedness was $750. Upon appeal the defendant contends that the evidence

does not support the jury's finding that the plaintiff's indebtedness to Frank Rowan was only $750.

In a letter written to the defendant by the plaintiff on December 14, 1944, plaintiff stated that he would like to have the defendant buy twelve $100 bonds, two of which should be for her children and the other ten were for Frank "in part for what he done for Grandma and me." It is evident that ten $100 government bonds would cost $750 and the jury had a right to select this one admitted amount from the mass of contradictory evidence. There is credible evidence to sustain the verdict of the jury. The trial court permitted the answers to stand in ruling upon motions after verdict, and we cannot disturb the finding.

The defendant finally contends that even if the finding of the jury is sustained, there was a gift by the plaintiff to the defendant of the proceeds of the sale. This question was not raised upon the trial. No request was made that the jury be asked to pass thereon. The defendant did not so testify, but is relying upon a portion of the contents of certain letters that were introduced in evidence. The complete letters do not establish a gift. There were other conditions contained therein that were not complied with by the defendant.

*By the Court.*—Judgment affirmed.